**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

<table>
<tr><td>

ERIC K.,

Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

Defendant.

</td><td>

No. 24-cv-10550

**OPINION & ORDER**

</td></tr>
</table>

**CECCHI, District Judge.**

Before the Court is Eric K.'s[1] ("Plaintiff") appeal of a final decision by the Commissioner of Social Security (the "Commissioner"), specifically an Administrative Law Judge's ("ALJ") decision denying his application for disability insurance benefits pursuant to Title II of the Social Security Act ("SSA"). *See* ECF No. 1. The appeal is fully briefed, *see* ECF No. 8 ("Pl. Br."); ECF No. 10 ("Comm'r Br."); ECF No. 11 ("Pl. Reply"), and the Court decides it without oral argument, Fed. R. Civ. P. 78(b); L. Civ. R. 78.1(b). For the reasons stated below, the Court will vacate the ALJ's decision and remand for further proceedings.

I.      **BACKGROUND**

Plaintiff is a 45-year-old[2] male who completed high school and some college coursework. ECF No. 5 ("R.") at 20, 531, 1536, 1587. He previously served in the Marines until he was

---

[1] Pursuant to the District's standing order regarding party identification in social security cases, any non-governmental party will be identified and referenced solely by first name and last initial. D.N.J. Standing Order 2021-10; *see, e.g., Sheila B. v. Comm'r of Soc. Sec.*, No. 24-9090, 2025 WL 2588983 (D.N.J. Sept. 8, 2025); *Betty J. v. Comm'r of Soc. Sec.*, No. 24-4942, 2025 WL 2414747 (D.N.J. Aug. 21, 2025).

[2] Plaintiff was born on March 6, 1981, and was 39 years old on the alleged disability onset date. R. at 20.

honorably discharged following several tours in Iraq that resulted in multiple injuries, including a traumatic brain injury and subsequent post-traumatic stress disorder ("PTSD"). *Id*. at 16, 532, 1292, 1294, 1296, 1453, 1587, 1604. Plaintiff last worked as a corrosion control specialist, but left his job in July 2022 due to his impairments, which are both physical and mental. *Id.* at 13.

Plaintiff's application for disability insurance benefits ("DIB") was denied on initial review and then again on reconsideration. *Id.* at 568–72, 587–89. Plaintiff then requested a hearing before an ALJ, *id.* at 590–91, which was held on January 26, 2024, *id.* at 514–55. After that hearing, the ALJ determined that Plaintiff is not disabled. *Id.* at 8–26. Plaintiff sought review of the ALJ's decision by the Appeals Council, *id.* at 704–06, but the council denied review, *id.* at 1–7. Plaintiff then brought the instant appeal on November 18, 2024. ECF No. 1.

## II.    LEGAL STANDARD

### A.    Standard of Review

This Court has jurisdiction to review the Commissioner's decision under 42 U.S.C. §§ 405(g), 1383(c)(3). The Court is not "permitted to re-weigh the evidence or impose [its] own factual determinations," but must give deference to the Commissioner's administrative findings. *Chandler v. Comm'r of Soc. Sec.*, 667 F.3d 356, 359 (3d Cir. 2011); *see also* 42 U.S.C. § 405(g). Nevertheless, the Court must "scrutinize the record as a whole to determine whether the conclusions reached are rational" and supported by substantial evidence. *Gober v. Matthews*, 574 F.2d 772, 776 (3d Cir. 1978) (citations omitted). Substantial evidence is more than a mere scintilla and is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Chandler*, 667 F.3d at 359 (citations omitted). If the factual record is adequately developed, substantial evidence "may be 'something less than the weight of the evidence, and the possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's finding from being supported by substantial evidence.'" *Daniels v.*

*Astrue*, No. 08-1676, 2009 WL 1011587, at \*2 (M.D. Pa. Apr. 15, 2009) (quoting *Consolo v. Fed. Mar. Comm'n*, 383 U.S. 607, 620 (1966)). In other words, under this deferential standard of review, the Court may not set aside the ALJ's decision merely because it would have come to a different conclusion. *See Cruz v. Comm'r of Soc. Sec.*, 244 F. App'x 475, 479 (3d Cir. 2007).

### B.    Determining Disability

In order to be eligible for benefits under the SSA, a claimant must show he is disabled by demonstrating an inability to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). Considering the claimant's age, education, and work experience, disability is evaluated by the claimant's ability to engage in his previous work or any other form of substantial gainful activity existing in the national economy. *Id.* §§ 423(d)(2)(A); 1382c(a)(3)(B). A claimant is disabled for SSA purposes only if his physical or mental impairments are "of such severity that he is not only unable to do his previous work, but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." *Id.* § 1382c(a)(3)(B).

Decisions regarding disability are made individually and are "based on evidence adduced at a hearing." *Sykes v. Apfel*, 228 F.3d 259, 262 (3d Cir. 2000) (citing *Heckler v. Campbell*, 461 U.S. 458, 467 (1983)). Congress has established the type of evidence necessary to prove the existence of a disabling impairment by defining a physical or mental impairment as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(a)(3)(D).

####    C.    Sequential Evaluation for a Continuous Disability

The Social Security Administration follows a five-step, sequential evaluation to determine whether a claimant is disabled under the SSA. 20 C.F.R. §§ 404.1520, 416.920. First, the ALJ must determine whether the claimant is currently engaged in substantial gainful activity. *Sykes*, 228 F.3d at 262. Second, if the claimant is not engaged in such activity, the ALJ determines whether the claimant has any impairments severe enough to limit his ability to work. *Id.* Third, if he has any severe impairments, the ALJ considers the medical evidence to determine whether the impairment or combination of impairments is included in 20 C.F.R. Part 404, Subpt. P, App. 1 (the "Listings"). If the claimant's impairments medically equal one of the Listings, this results in a presumption of disability. *Sykes*, 228 F.3d at 262. If the impairments are not in the Listings, the ALJ must determine how much residual functional capacity ("RFC") the applicant retains despite his impairments. *Id.* at 263. Fourth, the ALJ must consider whether the claimant's RFC is adequate to perform his past relevant work. *Id.* Fifth, if his RFC is not sufficient to perform past work, the ALJ must determine whether there is other work in the national economy the claimant can perform. *Id.*

The evaluation continues through each step unless it is ascertained at any point that the claimant is or is not disabled. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The claimant bears the ultimate burden of establishing steps one through four of this test. *Hess v. Comm'r Soc. Sec.*, 931 F.3d 198, 201–02 (3d Cir. 2019). The burden shifts to the Commissioner at step five to prove that the claimant can perform a job that exists in the national economy. *Id.*

### III.    DISCUSSION

####    A.    Summary of the ALJ's Decision

After considering the evidence and following the five-step analysis outlined in 20 C.F.R. § 404.1520(a), the ALJ found that Plaintiff was not disabled during the relevant period. R. at 21.

At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity during the relevant period. *Id.* at 13. At step two, the ALJ found that Plaintiff had the following severe impairments: "lumbar and cervical spine degenerative joint disease; obesity; posttraumatic stress disorder; panic disorder; depressive disorder; and polysubstance addiction disorder." *Id.* At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the Listings. *Id.* at 14. The ALJ then determined that Plaintiff had an RFC to perform light work as defined in 20 C.F.R. § 404.1567(b), except for the following limitations: "simple routine work; occasional and superficial interaction with coworkers and the general public; occasional interaction with supervisors; never doing production pace work; and dealing with occasional changes in work setting and routine." *Id.* at 16. At step four, the ALJ determined that Plaintiff was unable to perform any past relevant work. *Id.* at 19. At step five, the ALJ determined that, given Plaintiff's "age, education, work experience," and RFC, "there are jobs that exist in significant numbers in the national economy that the claimant can perform." *Id.* at 20. Accordingly, the ALJ determined that Plaintiff had not been under a disability during the relevant period. *Id.* at 21

**B.      The Court Will Remand to the ALJ**

Plaintiff "does not dispute the ALJ's findings regarding his physical impairments." Pl. Br. at 2 n.4. Instead, his appeal relates only to his mental impairments: PTSD, panic disorder, depressive disorder, and polysubstance addiction disorder. *Id.*; R. at 13.

More specifically, Plaintiff attacks the ALJ's determination of his RFC on two grounds. First, he argues that the ALJ erred in determining his RFC because the ALJ failed to properly evaluate medical opinions from Drs. Christina Nicole Ryser and Michele Adler, two doctors who evaluated Plaintiff's psychological condition. Pl. Br. at 14; *see* R. at 1291, 1307. Second, he

argues that the ALJ did not adequately evaluate Plaintiff's own testimony in determining his RFC. Pl. Br. at 23. As explained below, the Court finds that the ALJ did not adequately explain why Dr. Ryser's medical opinion was unsupported by the doctor's own examination and will remand accordingly. To the extent those findings on remand impact the ALJ's evaluation of Dr. Adler and Plaintiff's subjective statements, the ALJ shall also consider those issues on remand.[3]

### 1. Dr. Ryser's Opinion

Dr. Ryser conducted a psychological examination of Plaintiff on October 16, 2023. R. at 1291. At the examination, Dr. Ryser tested Plaintiff's memory and ability to concentrate (among other things). *Id.* at 1298–99. For example, Plaintiff was asked to recall words he was previously provided, tested on basic historical information and current events (*e.g.*, "name of the current President"), asked to spell certain words backwards, and asked to complete word problems and basic arithmetic. *Id.* Dr. Ryser indicated certain errors and "noted that on both . . . simple and complex problems, [Plaintiff] required multiple pauses, as well as repetition, in order to work through the exercises and produce his answers." *Id.* at 1299. Based on her examination, Dr. Ryser made findings of Plaintiff showing a "depressed mood," "[p]ersistent or generalized anxiety," an "irritable" and "labile" affect, "[f]eelings of guilt or worthlessness," "[h]ostility or irritability," "[g]randiose thoughts," "[i]llogical thinking," "[s]uicidal ideation (in the past)," "[d]ifficulty thinking or concentrating," "[e]asy distractibility," "[f]light of ideas," "[p]oor [recent] memory," "[i]ntrusive recollections of a traumatic [past] experience," "[p]aranoia," "[p]ersistent irrational

---

[3] Because Dr. Ryser's opinion could bolster or undermine Dr. Adler's opinion and Plaintiff's subjective statements (*e.g.*, through an evaluation of whether Dr. Adler's opinion is consistent with other evidence), the Court cannot conclude that the ALJ's failure to adequately explain why Dr. Ryser's opinion was unsupported by her own examination was harmless. *Joshua H. v. Bisignano*, No. 23-3431, 2025 WL 1527464, at *7 (D.N.J. May 29, 2025); *Dillard v. Berryhill*, No. 16-1197, 2017 WL 2021169, at *2 (W.D. Pa. May 12, 2017) ("An ALJ's error is harmless where it 'would have had no effect on the ALJ's decision.'" (citation omitted)).

fears," "[r]ecurrent panic attacks," "[v]igilance and scanning," "pervasive loss of interests," "[a]ppetite disturbances," "[d]ecreased energy," "[d]eeply ingrained, maladaptive patterns of behavior," "[i]mpulsive or damaging behavior," "[m]otor tension," "[p]sychomotor abnormalities" such as "agitation," "[s]ocial withdrawal or isolation," auditory "[h]allucinations," and a "[d]ecreased need for sleep" as well as "[o]ther sleep disturbances." *Id.* at 1303. In her mental evaluation of Plaintiff, Dr. Ryser found Plaintiff to have moderate to marked limitations (with no findings in the "none-to-mild" category). *Id.* at 1305. In sum, Dr. Ryser concluded that Plaintiff's "ability to understand, remember, or apply information"; "ability to interact with others"; "ability to concentrate, persist, or maintain pace"; and "ability to adapt or manage himself" "appear[ed] significantly limited." *Id.* at 1299–1300.

The ALJ, without sufficient explanation, characterized certain results of Dr. Ryser's examination as "mild to moderate." *Id.* at 19. She then concluded that the examination did not support Dr. Ryser's medical opinion. *Id.* Because the ALJ failed to adequately explain why Dr. Ryser's opinion was unsupported by her examination of Plaintiff, the Court will vacate and remand. *Joshua H.*, 2025 WL 1527464, at *6; *see also Riley v. Colvin*, No. 24-187, 2025 WL 36160, at *7 (M.D. Pa. Jan. 6, 2025) ("While the ALJ was not required to accept the limitations as set forth in Dr. Conner's and PT Kling's opinions, in our view, the decision fails to adequately explain how the limitations set forth by these providers were inconsistent with their treatment records, specifically those records that contained abnormal examination findings."); *Marti v. Comm'r of Soc. Sec.*, No. 14-2085, 2015 WL 4716122, at *4 (D.N.J. Aug. 6, 2015) ("[W]ithout a clear indication from the ALJ of . . . the reasons for rejecting [evidence], a district court lacks a sufficient basis to uphold the ALJ's decision."); *Young v. Comm'r of Soc. Sec.*, No. 11-1310, 2012 WL 762262, at *3 (D.N.J. Mar. 6, 2012) ("A district court may vacate and remand an ALJ's

decision if the ALJ rejects relevant medical evidence and fails to afford an explanation as to why he did so.").

### 2.  Plaintiff's Remaining Medical Opinion-Related Arguments

Plaintiff makes four additional arguments related to Drs. Adler and Ryser.  First, Plaintiff argues that Dr. Adler's opinions were well-supported and consistent with other evidence in the record.  Pl. Br. at 15–18.  Second, Plaintiff claims that the "ALJ . . . erred to the extent she discounted the opinions from Drs. Adler and Ryser because [Eric K.] engages in some activities of daily living."  *Id.* at 19.  Third, Plaintiff argues that the "ALJ . . . failed to properly consider the consistency between the medical opinions from the treating and examining mental health specialists," including Drs. Adler and Ryser.  *Id.* at 18; *id.* at 18–19 ("Contrary to the conclusion of the ALJ, the opinions from Drs. Adler and Ryser are consistent, not only with each other, but also with the treatment record, which documents depression.").  And fourth, Plaintiff states that "[a]bsent a reference to any medical findings or even persuasive non-medical findings supporting the mental RFC found by the ALJ in this case for [Eric K.], the only logical conclusion is that the ALJ impermissibly interpreted the medical data into an RFC based on her lay perception of the clinical and objective evidence."  *Id.* at 22.  Insofar as the ALJ's consideration of Dr. Ryser's opinion impacts the ALJ's analysis of these remaining issues, remand is appropriate on these issues as well.  *See Pasquini v. Saul*, No. 20-243, 2021 WL 199355, at *10 (M.D. Pa. Jan. 20, 2021); *Dantzler v. Berryhill*, No. 16-2107, 2018 WL 9917678, at *7 (M.D. Pa. July 16, 2018) ("A remand may produce different results on these claims, making discussion of them moot."), *report and recommendation adopted sub nom. Dantzler v. Saul*, No. 16-2107, 2019 WL 5569466 (M.D. Pa. Oct. 28, 2019).

### 3. Plaintiff's Subjective Complaints

In her decision, the ALJ found that Plaintiff's "statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision." R. at 17. In particular, the ALJ pointed to notes of Plaintiff's treatment at the Veterans Affairs Medical Center starting in 2021, which the ALJ found "indicate[d] normal functioning" and thus "indicate[d] that [Plaintiff] is not nearly as limited as he testified." *Id.* On appeal, Plaintiff argues that the ALJ failed to properly evaluate his testimony. *See* Pl. Br. at 23–24 ("The ALJ's brief evaluation of [Eric K.'s] subjective statements is not supported by substantial evidence.").

"Although ALJs must consider claimants' subjective complaints, they are not obligated to credit them." *Scott R. v. Kijakazi*, 643 F. Supp. 3d 483, 495 (D.N.J. 2022). Instead, an "ALJ may discredit a claimant's [testimony] when: (1) there is contrary medical evidence in the record; and (2) the ALJ explains the basis for rejecting the [testimony]." *Faure v. Astrue*, No. 11-7736, 2012 WL 5869246, at *9 (E.D. Pa. Aug. 16, 2012) (citing *Mason v. Shalala*, 994 F.2d 1058, 1067 (3d Cir. 1993)), *report and recommendation adopted*, No. 11-7736, 2012 WL 5866079 (E.D. Pa. Nov. 20, 2012). The Commissioner argues that in properly determining that "Plaintiff's statements were inconsistent," the "ALJ considered such factors as the objective medical evidence, *medical opinions*, daily activities, type of pain/symptoms, precipitating and aggravating factors, medication and other treatment, any other measures used to relieve symptoms, and any other factors concerning functional limitations." Comm'r Br. at 19 (emphasis added). However, because (1) the ALJ's evaluation of Plaintiff's subjective statements was based at least in part on its "consisten[cy] with . . . medical evidence," R. at 17, and (2) the ALJ on remand could take a differing view of the medical evidence in the record, the ALJ shall address this issue on remand, *see Dantzler*, 2018 WL 9917678, at *7.

## IV.    <u>CONCLUSION</u>

For the foregoing reasons, the ALJ's decision is remanded for further proceedings consistent with this Opinion and Order.

Accordingly, for the reasons stated above, **IT IS** on this 16th day of March 2026;

**ORDERED** that the Commissioner's decision is hereby **VACATED**; and it is further

**ORDERED** that this matter is hereby **REMANDED** to the ALJ for further analysis consistent with this Opinion and Order; and it is finally

**ORDERED** that the Clerk of the Court shall mark this matter closed.

**SO ORDERED.**

*/s/ Claire C. Cecchi*
**CLAIRE C. CECCHI, U.S.D.J.**

10